Filed 7/29/14  Cain v. Akano CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BOBBIE R. CAIN, | B246203 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC464958) |
| v. | |
| GOLDEN AKANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

Law Offices of Wilfred I. Aka and Wilfred I. Aka for Defendant and Appellant.

Law Offices of Judith A. Gordon and Judith A. Gordon for Plaintiff and Respondent.

In this case, the trial court found, after a non-jury trial that the plaintiff and respondent, Bobbie R. Cain, had loaned the defendant and appellant, Golden Akano, the sum of $113,000 who did not repay it as promised. The court further found that Akano had no intent to repay this loan at the time he signed the promissory note in Cain's favor and received the money and that he had made false and fraudulent representations to her to induce her to loan the money to him. Judgment was entered in Cain's favor in the amount owed plus interest and punitive damages. As there is substantial evidence in the record to support the judgment, we will affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

In September of 2007, Cain was employed as a travel nurse at Los Angeles County U.S.C. Hospital. In 2008, Cain was transferred to a "psych unit" where Akano was a supervisor. They spoke often at work about Akano's various business interests. Cain told him about the money she had saved to buy a home and he frequently gave her advice on real estate and money matters. He also, from time to time, made statements about his business interests in Nigeria and his several income real properties in the Los Angeles area. She believed and trusted him. In 2009, Akano asked Cain to loan him $5,000 which he promised to repay. Akano did pay that sum back to her shortly thereafter, but without interest. The transaction was all oral, there was no written promissory note involved.

Shortly thereafter, Akano asked Cain for another loan, this time in the sum of $70,000. Cain agreed to do so and gave that sum to Akano. Again, there was no promissory note executed. Within a month, Akano repaid the $70,000, but without

2

interest. The record is unclear as to (1) what Akano wanted the money for (there was vague testimony about certain but unnamed "business interest") and (2) from what source he obtained the funds to repay her.

Beginning in December of 2009, Akano induced Cain to loan him several sums of money which, by June 1, 2010, totaled the sum of $113,000. She gave him that total sum over a period of several months in amounts of $80,000, $20,000, $5,000 and $5,000.[1] These sums were either in cash or cashier's check and were evidenced by separate promissory notes providing due dates that Akano, each in turn, failed to meet, despite numerous demands by Cain. Finally, these obligations were combined into a single promissory note for $113,000 dated August 31, 2010 and by which Akano promised payment by October 1, 2010, together with interest at 10%. This note reflected that the loan was being made for "business purposes."

October 1, 2010 came and went and Akano failed to repay the loan or any part of it. At trial, he did not dispute that the money is owed. On July 7, 2011, Cain filed this action, pleading causes of action for breach of contract, misrepresentation and fraud. After a bench trial on November 28, 2112, at which Cain and Akano were the only witnesses and the only documentary exhibits were the four separate promissory notes signed by Akano, the trial court issued its ruling:[2]

---

[1]     The record does not reflect how or when the final $3,000 was loaned to Akano.

[2]     The court orally announced the essence of this judgment immediately upon the conclusion of the evidence and argument of counsel.

"THE COURT FINDS THAT: Defendant was engaged in a classic fraud scheme. He initially borrowed small sums from the trusting Plaintiff who was his subordinate and he took advantage of that employment relationship and the position of power and authority. The initial amounts were quickly repaid, and that's to further establish a trusting relationship and reliance by the Plaintiff. Then the Defendant borrowed a much larger amount by giving a false story and relying on his relationship and position of power with the Plaintiff. [¶] Defendant had no intent to repay. The Court specifically finds the Defendant was not credible and the Plaintiff was. And, indeed, rather than repay the amount that he did not intend to pay when borrowing the money, the Defendant persisted and asked for the names of even more victims and for even more money from the Plaintiff. [¶] On the first cause of action, the Plaintiff is entitled to $113,000 which is the amount outstanding. [¶] On the second and third causes of action, the amount of the award is the same. The court does not find further evidence of special damages on the second and third causes of action. [¶] THE COURT FURTHER FINDS: [¶] By clear and convincing evidence that Defendant, Golden Akano, was engaged in a fraudulent scheme and did make fraudulent statements. His stories about Nigeria and the adventures were completely unbelievable. No corroboration. [¶] The Defendant was not credible and could not even keep his story straight regarding various agents and where the funds went and how documents or bank accounts had to be shown to some clerk or some other agent in Africa; it's almost impossible to follow the story on this, and that's what happens when you're inventing

4

stories as you go along. As a result, Plaintiff has asked for and will be awarded punitive damages." The trial court set the amount of punitive damages at $50,000.

Following entry of judgment, Akano filed a timely appeal.

## APPELLANT'S CONTENTIONS

On appeal, Akano attacks only the portion of the judgment with respect to the second and third causes of action for misrepresentation and fraud. He argues that Cain did not produce evidence sufficient to establish all of the necessary elements of a fraudulent misrepresentation claim. Thus, Akano argues the award of punitive damages should be reversed. This essentially presents a question of substantial evidence.[3] Contrary to Akano's contention, our review of this very brief record demonstrates that it does support the specific findings of the trial court. We will therefore affirm.

## DISCUSSION

1. *Standard of Review*

"When considering a claim of insufficient evidence on appeal, we do not reweigh the evidence, but rather determine whether, after resolving all conflicts favorably to the prevailing party, and according the prevailing party the benefit of all reasonable inferences, there is substantial evidence to support the judgment." (*Scott v. Pacific Gas & Electric Co.* (1995) 11 Cal.4th 454, 465.) In reviewing the evidence on appeal, all conflicts must be resolved in favor of the judgment, and all legitimate and reasonable

---

[3] Akano makes no other assertion of error below.

5

inferences indulged in to uphold the judgment if possible. When a judgment is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the judgment. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. (*Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 571; *Crawford v. Southern Pacific Co.* (1935) 3 Cal.2d 427, 429.)

2.      *Akano Has Not Demonstrated Any Error In the Trial Court's Findings*

It is the appellant's burden to affirmatively demonstrate error in the challenged order, and to demonstrate the error's prejudicial impact on the appellant. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'The necessary elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e. to induce reliance); (4) justifiable reliance; and (5) resulting damage.' " (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1239.)

Reviewing the testimony of Cain and Akano in a light which is most favorable to the former and including the reasonable inferences that may be drawn therefrom, we have no trouble concluding that the judgment is correct. Akano repeatedly represented to Cain that his investments in Nigeria would make money and that her life savings then in the bank could be put to better use elsewhere. The court could properly conclude that Akano's solicitation and repayment of smaller loans were simply confidence building

6

elements of his fraudulent scheme. Such a conclusion is particularly compelling in light of the supervisorial relationship Akano had with Cain and the understandable trust she had in his judgment. Each of the elements Cain's fraud claim are established by the evidence presented and the trial court expressly so found in the specific findings quoted above.

Akano's arguments to the contrary essentially rely on the proposition that Cain should have done more to protect herself and her reliance on Akano's representations was not justified. The trial court was entitled to conclude otherwise. Akano points to no evidence or argument that would justify our rejection of the trial court's fully supported ruling.

### DISPOSITION

The judgment is affirmed.  Cain shall recover her costs on appeal.

#### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

ALDRICH, J.